1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GREENWICH INSURANCE                    No.  2:21-cv-01021-MCE-CKD
     COMPANY,
12
                        Plaintiff,
13                                          **ORDER**
            v.
14
     HSD TRUCKING, INC., et al.,
15
                        Defendants.
16

17

18         Three motions are currently pending before this Court: (1) a Motion to Dismiss

19   filed by Defendant Leah L. Haynes (ECF No. 24); (2) a Motion to Intervene filed by

20   National Continental Insurance Company ("National Continental") (ECF No. 28); and

21   (3) a Motion for Summary Judgment filed by Plaintiff Greenwich Insurance Company

22   (ECF No. 40).  Prior to the filing of those Motions, Plaintiff filed, in order, a Complaint

23   (ECF No. 1), a First Amended Complaint (ECF No. 4), a Second Amended Complaint

24   (ECF No. 10), a Corrected Complaint (ECF No. 14), and a Corrected First Amended

25   Complaint (ECF No. 15).[1]

26         After the filing of all of these various complaints, Defendant Haynes filed both an

27   Answer (ECF No. 19) and the above-mentioned Motion to Dismiss (ECF No. 24), the

28
     ───────────────────
          [1] It is unclear which of these pleadings is operative.  See Fed. R. Civ. P. 15(a).

                                          1

1    latter of which is fully briefed.  Defendant HSD Trucking, Inc., filed an Answer (ECF

2    No. 44) and a "First Amended Crossclaim" against National Continental (ECF No. 45),

3    whose Motion to Intervene remains pending.  No oppositions or statements of non-

4    opposition have been filed in response to the Motion to Intervene or the Motion for

5    Summary Judgment.  <u>See</u> E.D. Cal. Local Rule 230(c).

6          The Court has neither the time nor the inclination to unravel this mess or to

7    educate the parties on the nuances of the applicable Local Rules and Federal Rules of

8    Civil Procedure.  Suffice it to say that it is unclear to the Court, among other things,

9    which is the operative complaint, why an individual would file both an answer and a

10    Rule 12(b)(6) Motion, why anyone would file a crossclaim against a non-party, or why

11    the parties would not respond to a Motion to Intervene or a Motion for Summary

12    Judgment.  The parties are admonished to remember that this is federal court where

13    failure to adhere to the rules can lose cases.  Accordingly, future failures will result in the

14    imposition of sanctions.  **For now, all pending motions (ECF Nos. 24, 28, and 40) are**

15    **DENIED without prejudice to renewal as follows**:

16          1.      Not later than five (5) days following the date this Order is electronically

17    filed, Plaintiff is directed to file a Third Amended Complaint ("TAC"), which will serve as

18    the operative pleading.

19          2.      Not later than ten (10) days following the date the TAC is filed, National

20    Continental may, but is not required to, file a renewed Motion to Intervene.

21          3.      No answer or responsive pleading to the TAC shall be filed until any Motion

22    to Intervene has been ruled upon by the Court.  Any such answer or responsive pleading

23    shall be filed not later than twenty-one (21) days following the date the Court's ruling on

24    the Motion to Intervene is electronically filed.  If no Motion to Intervene is filed, any such

25    answer or responsive pleading shall be filed not later than twenty-one (21) days

26    following the date for filing a Motion to Intervene has passed.

27    ///

28    ///

4. The Court will not entertain any Motions for Summary Judgment until the time for filing answers and/or responsive pleadings has passed, and the Court has ruled on any motions that may be filed.

IT IS SO ORDERED.

Dated:  August 24, 2022

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE